# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ROBERT N. BEIRNE, JR.,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

Civil Action File No.
1:15-cv-03630-LMM-GBB

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Brief in Support of Its Motion to Dismiss Plaintiff Robert N. Beirne, Jr.'s ("Plaintiff") Verified Complaint To Set Aside an Unlawful Sale Under Power and for State Law Claims ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## I.  INTRODUCTION

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for a number of reasons.  First, this is Plaintiff's **second** attempt to hold the servicer of his mortgage loan liable for initiating a foreclosure sale.  To the extent Plaintiff is basing his current claims on Ocwen's "failure" to produce the original promissory note, this Court has already dismissed that claim **with prejudice.** Accordingly, Plaintiff is estopped from raising this issue before this Court again.

Second, Plaintiff's current Complaint is a shotgun complaint that must be dismissed for the complete failure to state a claim as a matter of law.  In fact, this Court has already determined that this exact Internet-derived complaint is subject to dismissal as a matter of law.  Third, to the extent the claims in Plaintiff's Complaint can be deciphered, none states a claim for relief as a matter of law.  Plaintiff's two claims for "unlawful foreclosure" fail because all the recorded property documents bear the necessary attestations, and Exhibit 2 attached to Plaintiff's Complaint shows that the notice of foreclosure sale issued substantially complies with O.C.G.A. § 44-14-162.2.  Additionally, Plaintiff's "equitable relief" claim fails because Plaintiff cannot state a viable claim for wrongful foreclosure.  Finally, Plaintiff's claim for relief from the "dispossess proceedings" must fail because this Court does not retain the jurisdiction necessary to stay a proceeding in state court.

In sum, Plaintiff cannot state a claim for relief against Ocwen as a matter of law.  Further, no amount of amendment can cure the fatalities in his Complaint.  Accordingly, Plaintiff's Complaint must be dismissed **with prejudice** by this Court.

## II.   FACTUAL AND PROCEDURAL HISTORY

On or about June 29, 2000, Plaintiff borrowed $134,100.00 from Meritage Mortgage Corporation, An Oregon Corporation ("Meritage") (herein, the "Loan"). To secure repayment of the Loan, Plaintiff conveyed the real property commonly known as 1511 Rocky Creek Drive, Woodstock, Georgia 30188 (the "Property") to Meritage by security deed.  The security deed is dated June 29, 2000, and was recorded on July 24, 2000, in Deed Book  4229, Pages 1-13, Cherokee County, Georgia Records (the "Security Deed").[1]

The Security Deed contains a power of sale provision that conveys to Meritage or its "successors and assigns" the right to foreclose and sell the Property in the event of default.  (*See* Exhibit A at 2; 6, ¶ 21).

---

[1] A true and correct copy of the Security Deed is attached hereto as **Exhibit A**. This Court may take judicial notice of the real estate records attached hereto pursuant to Fed. R. Evid. 201.  These documents are recorded legal instruments, which are maintained by the Cherokee County Clerk of the Superior Court and contains facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Moreover, documents attached to a motion to dismiss may be considered by the Court if the documents are undisputed and central to the plaintiff's claim. *Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2002); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted).  Because Plaintiff seeks to set aside the transfer of title of the Property through a foreclosure sale, the real property records pertaining to the Property, including any transfer of security interests, are of central importance to his claims.  Additionally, the real property records are undisputed because they are maintained by the Cherokee County Clerk of Superior Court and are records "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.

On or about August 9, 2000, Meritage assigned the Security Deed to Bank One National Association, as Trustee ("Bank One") by an assignment recorded in Deed Book 4509, Page 332 of the Cherokee County, Georgia Real Property Records (the " First Assignment").[2]

Thereafter, on or about August 31, 2012, The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. ("BONY") assigned the Security Deed to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A., as Trustee for holders of Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP4 ("Bank of New York As Trustee" or "Investor") by an assignment recorded on in Deed Book 12006, Page 363-364 of the Cherokee County, Georgia Real Property Records  (the "Second Assignment").[3]

---

[2] A true and correct copy of the First Assignment is attached hereto as **Exhibit B**. The Court may consider these documents at this stage in litigation.  *See supra* n.1.

[3] A true and correct copy of the Second Assignment is attached hereto as **Exhibit C**.  The Court may consider these documents at this stage in litigation.  *See supra* n.1.  Additionally, on August 29, 2014, another assignment was recorded purporting to transfer the Security Deed from Bank One, National Association F/K/A the First National Bank of Chicago as Trustee to a slightly differently named but identical legal entity as the assignee in the Second Assignment, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A., as Trustee for Residential Asset Mortgage

Ocwen services the Loan on behalf of the Investor.  (Compl. p.7.)  On or about October 14, 2014, Plaintiff filed a lawsuit against Ocwen in the Superior Court of Cherokee County ("Plaintiff's Prior Lawsuit").[4]   Ocwen removed Plaintiff's Prior Lawsuit to this Court and, on May 19, 2015, the Court adopted a report and recommendation granting Ocwen's motion to dismiss the complaint **with prejudice** pursuant to Fed. R. Civ. P. 12(b)(6).[5]   In the Report and Recommendation, Judge Scofield notes:

> Plaintiff's civil action is yet *another* in a series of actions filed in state court and then removed by Defendants to this Court in which a *pro se* plaintiff, facing the loss of a parcel of real property for failing to pay

---

Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP4.  This assignment was recorded in Deed Book 12979, Page 41, Cherokee County, Georgia Real Property Records.  A true and correct copy is attached hereto as **Exhibit D**.  This assignment, however, is a legal nullity; BONY (successor by merger to Bank One) assigned all of its interest to another party in the Second Assignment.

[4] A true and correct copy of the complaint in Plaintiff's Prior Lawsuit is attached hereto as **Exhibit E**.  The Court may consider these documents at this stage in litigation.  *See supra* n.1.  Specifically, these documents are central to Plaintiff's instant Complaint because he is attempting to re-litigate issues that this Court has already ruled upon.  Moreover, these documents are maintained by this Court, so they are not subject to reasonable dispute.

[5] A true and correct copy of the Honorable E. Clayton Scofield, III's Report and Recommendation granting Ocwen's motion, as well as the Honorable Leigh Martin May's Order adopting the Report and Recommendation, are attached hereto as **Composite Exhibit F**.  The Court may consider these documents at this stage in litigation.  *See supra* n.4.

- 5 -

the mortgage, files documents obtained from the Internet in a flawed
attempt to forestall or set aside the foreclosure sale of the property.

(Exhibit F, p.2, emphasis in original.)  In Plaintiff's Previous Lawsuit, he alleged
eleven counts of wrongdoing against Ocwen, all of which were levied in effort to
postpone a pending October 2014 foreclosure sale.  (*Id.* at p.11.)  All of the claims
in Plaintiff's Prior Lawsuit were dismissed **with prejudice**, and the Court
specifically held that, "to the extent that Plaintiff is alleging that Ocwen has
illegally converted the [Property] by scheduling a foreclosure sale without
producing the original promissory note, Plaintiff has failed to state a claim upon
which relief can be granted."  (*Id.* at p.14.)

   This year, on September 1, 2015, the Property was sold in a non-judicial
foreclosure sale (the "Foreclosure Sale").[6]  Exhibit 2 to the Complaint is a copy of
the Notice of Sale Under Power, which identifies Ocwen as "the entity or
individual designated who shall have full authority to negotiate, amend, and
modify all terms of the mortgage."  (Exhibit 2 attached to Complaint; *see also*
Exhibit G, p.38.)

---

[6] A deed under power memorializing the sale of the Property to and from Investor
is recorded in Deed Book 13508, Pages 195-233 of the Cherokee County, Georgia
Real Property Records (the "Deed Under Power"), and is attached hereto as
**Exhibit G**.

Ten days after the Foreclosure Sale, on September 11, 2015, Plaintiff filed yet another Internet-derived pleading in the Superior Court of Cherokee County. [Dkt. 1-1 at p.3-26.][7]  The "Verified Complaint to Set Aside an Unlawful Sale Under Power And For State Law Claims" is neither verified nor executed by any party, and contains four "counts" of wrongdoing: (1) unlawful foreclosure; (2) "wrongful foreclosure as a tort"; (3) equitable relief; and (4) "dispossess proceedings."  (Compl. pp. 3-15.)  Plaintiff also seeks punitive damages and attorneys' fees  (*Id.* at p.15.)  It is unclear from the Complaint whether Plaintiff seeks to set aside the September 1 foreclosure sale, or whether he seeks monetary damages.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### a.  Legal Standard on a 12(b)(6) Motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes this Court to dismiss Plaintiff's lawsuit because Plaintiff fail to state any claim upon which

---

[7] Plaintiff's Complaint is a near-verbatim copy of the amended complaint filed by the "*pro se*" plaintiff in *Paulo v. OneWest Bank, FSB*, and other matters previously before this Court.  *See Paulo v. OneWest Bank, FSB*, No. 1:13-CV-3695-WSD, 2014 WL 3557703, at *3 (N.D. Ga. July 18, 2014) (Duffey, J., adopting King, M.J.).  Said the Court: "Plaintiff's Amended Complaint is a variation of form complaints filed by persons seeking to avoid or delay foreclosure. *See, e.g., Baker v. CitiMortgage*, No. 1:13–cv–477–WSD; *Gordon v. Bank of Am.*, No. 1:13–cv–3864–CC; *Sullivan v. CitiMortgage*, No. 1:13–cv–591–CAP; *Vos v. CitiMortgage*, No. 1:13–cv–957–JEC." *Id.*

relief can be granted against Defendants. A cause of action fails to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Buerger v. Southwestern Bell Tel. Co.*, 982 F. Supp. 1247, 1249-50 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. Appx. 988, *2 (5th Cir. Oct. 9, 2006) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8").

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, the United States Supreme Court clearly stated that Rule 8 does not "require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

*Pro se* plaintiffs are not excused from these pleadings requirements. *See Carvel v. Godley*, 404 F. App'x 359, 361-62 (11th Cir. 2010) (affirming dismissal of *pro se* plaintiff's complaint for failure to state a claim). While courts can hold

- 8 -

*pro se* pleadings to a less stringent standard, "this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Id.* "[*Pro se*] filings must still comply with the rules of civil procedure." *Carvel*, 404 F. App'x at 361 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

> ### b. Plaintiff's Complaint is an Impermissible Shotgun Pleading That Ignores the Federal Pleading Standard and Must Be Dismissed.

As an initial matter, Plaintiff's Complaint must be dismissed because it fails to meet the applicable pleading standard. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's rambling, unnumbered, unverified Complaint is anything but short and plain. Indeed, it has left Ocwen flummoxed as to what Plaintiff's grievance really is at its core.

Plaintiff's Complaint is the epitome of an impermissible shotgun pleading: a complaint wherein the plaintiff asserts rambling, incoherent and meshed causes of action. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Shotgun pleadings are not only a hodgepodge of factual allegations and legal conclusions, but are also complaints that "mak[e] no distinction among Ocwen charged, through geographic and temporal realities make plain that all of [the] defendants could not have participated in every act complained of." *Id.*; *see also Paulo*, 2014 WL

- 9 -

3557703, at *3 (collecting Eleventh Circuit opinions affirming dismissal of shotgun complaints for failure to meet pleading standards).

Here, Plaintiff's Complaint is a shotgun pleading filled with threadbare "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949. Indeed, the apparently Internet-derived Complaint is less of a "a short and plain statement of the claim showing that the pleader is entitled to relief" and more of a diatribe regarding the mortgage industry as a whole. Fed. R. Civ. P. (8)(a)(2). It contains lengthy excerpts from Internet sources decrying the "massive criminal conspiracy" that is the mortgage industry, without pleading any facts showing that Plaintiff had much of a relationship with Ocwen at all or may be entitled to some relief.  (Compl. p.9.)  Simply put, Plaintiff has ignored Fed. R. Civ. P. 8(a)(2).

In addition to ignoring Rule 8, Plaintiff has similarly ignored Rules 10 and 11.  In federal court, allegations "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ... [and][e]ach claim found upon a separate transaction or occurrence ... shall be stated in a separate count."  Fed. R. Civ. P. 10(b). Plaintiff has failed to include even one single numbered paragraph in the Complaint.  Plaintiff also failed to sign the pleading, violating Rule 11, which states that "every pleading . . . must be signed by . . . a party personally if the party

is unrepresented." Fed. R. Civ. P. 11(a). Dismissal is warranted for these failures. *See Paulo*, 2014 WL 3557703, at *3 (adopting recommendation of dismissal for failure to comply with Fed. R. Civ. P. 10).

As a consequence of all of the above deficiencies, Ocwen remains at a loss as to how to respond to the Complaint and would be forced to wildly speculate − to its detriment − as to the circumstances and facts upon which Plaintiff attempts to rely. Plaintiff fails to meet the factual content requirement established by *Iqbal* and *Twombly*, and, consequently, fails to state any claim upon which relief may be granted.

### c. Plaintiff's Claim that the Foreclosure Sale is Wrongful Because Ocwen Failed to Produce the Original Promissory Note is Precluded by Collateral Estoppel.

In Plaintiff's Previous Lawsuit, he alleged that Ocwen was liable for "conversion" of the Property by scheduling a foreclosure sale without producing the original promissory note. (*See* Exhibit F at 14.) The Court dismissed this claim with prejudice and determined that "possession of the promissory note is not required for the non-judicial foreclosure sale of a security deed." (*Id.* at 13.) To the extent Plaintiff has premised the wrongful foreclosure claims on Ocwen's failure to have the "ORIGINAL DOCUMENTS with the 'wet ink' signatures of

both parties," that claims is precluded by collateral estoppel.   (Compl. p.9, emphasis in original.)

Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies.  Four elements are required: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by valid and final judgment; and (4) the determination of the issue must have been essential to final judgment.  *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990).

All the elements of collateral estopped are met here.  In Plaintiff's Previous Lawsuit, Plaintiff made the same "show-me-the-note" argument to support his claim that Ocwen illegally converted the Property.  The same issue is involved in this matter because Plaintiff appears to be basing part of his wrongful foreclosure claim on this argument.  In Plaintiff's Prior Lawsuit, Ocwen moved to dismiss Plaintiff's "show-me-the-note" claim; Plaintiff was given the opportunity to oppose the motion; and the Court ultimately issued an Order dismissing his claims **with prejudice** and issued a judgment.  Accordingly, the "show-me-the-note" issue was litigated and was essential to final judgment.

- 12 -

Accordingly, Plaintiff is collaterally estopped from re-litigating this issue in the instant matter.  To the extent Plaintiff has based his wrongful foreclosure claim on Ocwen's failure to produce the original promissory note, that claim must be dismissed with prejudice as a matter of law.

### d. Plaintiff's Claim that the Foreclosure Sale was Wrongful Because an Assignment Lacks the Proper Attestations Must Be Dismissed.

In the Complaint, Plaintiff alleged that "the purported assignment does not comply with O.C.G.A. § 44-5-64 because the assignment of security deed did not satisfy the attestation formalities prescribed by O.C.G.A. § 44-5-33."  (Compl. p.7.)  According to Plaintiff, any foreclosure involving the unidentified assignment is "null and void."  (*Id.*)  It appears that this argument forms one basis for his claim for "unlawful foreclosure."

Plaintiff's claim for unlawful foreclosure based on an assignment that does not meet statutory attestation requirements fails as a matter of law for several reasons.  First, Plaintiff wholly failed to identify which assignment he believes does not bear the requisite attestations.  (*See* Compl. p.7, final paragraph.)  Second, even if Plaintiff had identified either the First Assignment or Second Assignment as violative of the attestation statutes, that claim would fail as a matter of law, too.  O.C.G.A. §§ 44-14-33 and 44-14-61 provide that a debt to secure debt must be

attested to by: (1) an official witness, and (2) an additional witness. O.C.G.A. § 44-14-64 provides that a transfer of a security must be attested to in the same manner. A brief review of the First Assignment and Second Assignment show that each was executed by at least one official witness as well as at least one unofficial witness and a notary public.[8]   Accordingly, even if Plaintiff identified an assignment as being insufficient, his argument fails as a matter of law.   *Paulo*, 2014 WL 3557703, at *10 (recommending dismissal of identical claim for same reason).

Finally, even if there was a defect in either assignment, Plaintiff lacks the standing to contest them.  In the context of the assignment of a security deed, a borrower who is a third-party to the assignment may not challenge the validity of such a document unless it appears to be **facially void**. *Stoudemire v. HSBC Bank USA*, 776 S.E. 2d 483, 484-85 (Ga. App. June 3, 2015) (upholding dismissal of borrowers' claim that assignment was invalid due to failure to have the appropriate attestations because "any defect in this regard did not render the assignment void on its face"); *see also Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1252-53 (11th Cir. 2015) (finding "no reason that the patent defect in attestation at issue

---

[8] *See* Exhibits B and C.  Exhibit B was executed by Denise Easterling, vice president of Meritage Mortgage Corporation, two unofficial witnesses, and a notary public.  Exhibit C was executed by Duane Thompson and Barbara Seiberlich, officers of BONY, an unofficial witness, and a notary public.

here would provide [plaintiffs] with standing to challenge an otherwise effective, if not properly recordable, assignment of their security deed").; *Montgomery v. Bank of Am.*, 321 Ga. App. 343 (2013) (holding assignment of security deed was contractual and plaintiff therefore lacked standing to contest its validity because he was not a party to the assignment); *Edward v. BAC Home Loans Serv., L.P.*, No. 12–15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013) (citing *Montgomery*).

Plaintiff's attempts to set aside the Foreclosure Sale by attacking the assignments of the Security Deed fail as a matter of law.  These arguments have been rejected by both this Court and the Eleventh Circuit.  Counts One and Two of Plaintiff's Complaint must be dismissed as a matter of law.

### e. Plaintiff's Claim that the Foreclosure Sale Was Wrongful Due to Improper Statutory Notice Fails as a Matter of Law Because the Notice Substantially Complies with O.C.G.A. § 44-14-162.2.

In his Complaint, Plaintiff bases part of his wrongful foreclosure claims on the allegation that the Notice of Sale Under Power issued by Ocwen prior to the Foreclosure Sale violates O.C.G.A. § 44-14-162.2.  (Compl. p.7.)  Although it is not entirely clear why he believes the Notice of Sale is improper, it appears to be

because the entity with the full authority to negotiate, amend, and modify the terms of the Loan "is not noted."  (Compl. p.7.)

Plaintiff includes as an exhibit to his Complaint the text of the purported Notice, which identifies Ocwen as the entity with plenary authority necessary to negotiate the terms of the Loan.  (*Id.* at Ex. 2.)  Presumably, Plaintiff does not believe that Ocwen retains the necessary authority, and, as a result, the Notice is deficient − even though he never identifies who or what entity he believes possesses that authority.

To the extent Plaintiff is basing his wrongful foreclosure argument on the fact that the Notice of Sale identified Ocwen as the entity with authority to negotiate the terms of the Loan, it fails as a matter of law.  The Eleventh Circuit has determined that a notice of sale identifying the loan servicer substantially complies with Section 162.2.  *Haynes*, 793 F.3d at 1253 (citations omitted) (holding that "Georgia courts have found that foreclosure notices substantially comply with § 44–14–162.2 so long as the party listed in the notice was authorized to convey communications to the party that retains full authority to modify the loan, or if the notice "apprised [the borrower] of the appropriate contact information" in the event the borrower "wished to pursue a modification.").

By Plaintiff's own allegations, Ocwen serviced the Loan.  (Compl. p.7.) Therefore, Ocwen, as servicer, had the necessary authority to convey any communications regarding loan modification to the Investor.  *Haynes*, 793 F.3d at 1253. Accordingly, to the extent Plaintiff bases his wrongful foreclosure claim on an improper notice of sale, his claims fail as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### f.  Plaintiff's Wrongful Foreclosure Claims Fail Because He Did Not Allege that He was Current on the Loan.

It should be noted that Plaintiff does not allege that he is current on the Loan in the Complaint.   For this additional reason, Plaintiff's wrongful foreclosure claims fail as a matter of law.  *See Baker v. CitiMortgage, Inc*., No. 1:13-CV-0477-WSD, 2013 WL 4217433, at *5 (N.D. Ga. Aug. 14, 2013) (finding that failure to make loan payments defeats any wrongful foreclosure claim and citing to similar cases).

### g.  Plaintiff's Request for Equitable Relief Fails Because He Has Failed to State a Viable Claim For Relief.

As stated herein, Plaintiff's wrongful foreclosure claims do not state a viable claim for relief.  Accordingly, to the extent Plaintiff intended to also allege a claim for equitable relief to set aside the Foreclosure Sale, it must be dismissed.  *Baker*,

2013 WL 4217433, at *4 (dismissing equitable relief in identical complaint filed by "pro se" litigant).

### h. Plaintiff's Request for Relief from the "Dispossess Proceedings" Fails Because This Court Does Not Have Jurisdiction to Stay That State Court Proceeding.

Finally, Plaintiff seeks an injunction giving him relief from "dispossess proceedings" that will occur after the Foreclosure Sale. (Compl. p. 14.) This claim must be dismissed because the federal Anti-Injunction Act "prevents federal courts from granting an injunction to stay proceedings in state court when Congress has not expressly authorized such action." *Paulo*, 2014 WL 3557703, at *14 (quoting *Baker*, 2013 WL 4217433, at *4). The Court lacks jurisdiction to find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court. *Baker*, 2013 WL 4217433, at *4.

### IV.   CONCLUSION

This is Plaintiff's second meritless attempt to hold Ocwen responsible for properly servicing his mortgage loan. Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This Court has already dismissed a key argument Plaintiff raises again in this matter, thus Plaintiff is estopped from raising this issue before this Court again. Additionally, much like in Plaintiff's Previous

Lawsuit, Plaintiff's current Complaint is a shotgun complaint that must be dismissed for the complete failure to state a claim as a matter of law.

In sum, Plaintiff cannot state a claim for relief against Ocwen as a matter of law, and no amount of amendment can cure the fatalities in his Complaint. Accordingly, Plaintiff's Complaint must be dismissed **with prejudice** by this Court.

This 21st day of October, 2015.

Respectfully submitted,

**BAKER DONELSON BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

By: /s/ Amy L. Hanna
Teresa L. Bailey
Georgia Bar No. 572516
Amy L. Hanna
Georgia Bar No. 509069
*Counsel for Ocwen Loan Servicing, LLC*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia  30326
Phone: (404) 587-3400
Fax: (404) 238-9720
tbailey@bakerdonelson.com
ahanna@bakerdonelson.com

- 19 -

## <u>CERTIFICATION OF FONT</u>

I hereby certify that the foregoing document has been prepared in 14-point

Times New Roman font and complies with Local Rule 5.1(C), NDGa.

This 21st day of October, 2015.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN,** | /s/Amy L. Hanna |
| **CALDWELL & BERKOWITZ, PC** | Teresa L. Bailey |
| Suite 1600, Monarch Plaza | Georgia Bar No. 572516 |
| 3414 Peachtree Rd. NE | Amy L. Hanna |
| Atlanta, Georgia 30326 | Georgia Bar No. 509069 |
| Ph. 404-577-6000 | *Counsel for Ocwen Loan Servicing, LLC* |
| Facsimile: (404) 221-6501 | |
| tbailey@bakerdonelson.com | |
| ahanna@bakerdonelson.com | |

## <u>CERTIFICATE OF SERVICE</u>

This will certify service of a copy of the foregoing **Defendant's Brief in Support of its Motion to Dismiss Plaintiff's Complaint** via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record. Additionally, a service of a copy of the foregoing will be sent via United States Postal Service to the following:

Robert N. Beirne, Jr., *Pro Se*
1511 Rocky Creek Drive
Woodstock, GA 30188

This 21st day of October, 2015.

By: /s/ Amy L. Hanna
Teresa L. Bailey
Georgia Bar No. 572516
Amy L. Hanna
Georgia Bar No. 509069
*Counsel for Ocwen Loan Servicing, LLC*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia  30326
Phone: (404) 587-3400
Fax: (404) 238-9720
tbailey@bakerdonelson.com
ahanna@bakerdonelson.com